# JOSEPH LOVENGUTH

*v.*

# CITY OF BLOOMINGTON.

1. NEGLIGENCE — *degree of care to be exercised by plaintiff.* Where a party knows that a sidewalk is defective, or dangerous, and there is another sidewalk over which he can pass, which is in good repair, and safe, if he chooses to pass over the dangerous one, he should do so in a careful and guarded manner, and if he fails to do so, but passes over it in a hasty and reckless manner, and, in so doing, is injured, a jury may very reasonably conclude that he is himself responsible for the injury.

2. SAME — *a party has no right to recover who knowingly exposes himself to danger, which he could avoid.* An instruction to the effect that the plaintiff was not bound to travel on another sidewalk than the one on which he received the injury complained of, even though he knew that the one on which he was injured was out of repair, was properly refused. A party has no right to knowingly expose himself to danger, and then recover damages for an injury which he might have avoided by the use of reasonable precaution.

3. ERROR *will not always reverse.* A judgment will not be reversed on account of an instruction given which is not applicable to the case, where it appears it could do no harm, and the party objecting to it has not been prejudiced by it.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. E. M. PRINCE, and Mr. O. T. REEVES, for the plaintiff in error.

Mr. IRA J. BLOOMFIELD, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action, brought in the circuit court of McLean county, by Joseph Lovenguth, against the city of Bloomington, to recover damages for an injury received by a minor son, Emil, in passing over a sidewalk in the city.

The cause was tried before a jury, and a verdict returned in favor of the city. A motion was made for a new trial, and overruled, and judgment rendered upon the verdict.

It is insisted that the court erred in overruling plaintiff's motion for a new trial, in giving instructions for defendant and in refusing to give instructions one, two and three for the plaintiff.

It appears, from the record, that Emil Lovenguth, at the time of the accident, was eighteen years of age. He was working in the shops of the Chicago and Alton Railroad Company, and, in passing from the shop to his boarding place, over a defective sidewalk, he stepped upon a loose board, fell and fractured a bone of his ankle. He was well acquainted with the sidewalk, and knew it was in a bad and unsafe condition. Had he so desired, he could have gone over another sidewalk to his boarding place, which was entirely safe and secure, and the distance no greater.

On the trial, the defendant called one Kern as a witness, and he testified, after the accident, he went to see Emil; "he said, when he was hurt, he was going in a hurry—was walking fast." Also, one Steere, who testified that he "went with Mr. Kern to see Emil, in the spring of 1872. Kern asked him if he was on the run. He said he didn't know exactly. And I asked him if it wasn't a hop and a skip; and he said yes. He said the accident happened by his attempting to step, jump or skip across a place where some planks were out, and caught his foot upon the edge of a board, and, it not being nailed fast, tipped and slipped back."

Upon the evidence submitted, it was a question for the jury to determine whether the accident occurred from the negligence and want of proper care on the part of the plaintiff's son, or from the neglect of the city to keep in repair a sidewalk.

The jury have found, by their verdict, that the injury received grew out of the negligence and want of proper care of the injured party. It was a question of fact purely for their consideration, and we would not disturb the finding, unless the preponderance of the evidence was clearly the other way, and we are not prepared to say such is the case.

It appears this injured party was familiar with this sidewalk and its defects. He knew it was dangerous. Another sidewalk, in good repair and safe, was provided by the city, and if he chose to pass over the dangerous walk, he should have done so in a careful and guarded manner; but this, it appears, he did not do, but in a hasty, reckless manner, went jumping from one board to another, until he fell, and received the injury. The jury could very reasonably conclude that he was responsible for the misfortune that overtook him.

We perceive no error in the instructions given on behalf of the defendant. No special objection is taken to them, except the fourth and seventh. It is claimed that the fourth had no application to the case. We are not prepared to say that appellant is not correct in this position. We are somewhat at a loss to see what the instruction had to do with the case; but, conceding this to be true, the instruction could do no harm, and, as we can see no way in which appellant has been prejudiced by it, we can not, on that ground, reverse. As to the seventh, we do not consider it liable to mislead. It contains a proposition of law upon which there can be no dispute, the substance of which is, a party is bound to use care in proportion to the dangerous character of the place.

In regard to plaintiff's refused instructions, the first refused had been substantially given by the court in plaintiff's fourth, and it was unnecessary to repeat it to the jury.

The second refused instruction is as follows:

"The court instructs the jury that if they believe, from the evidence, that Allin street was the nearest route from the shop where plaintiff's son worked, to his boarding house, then the plaintiff's son was not bound to travel another route, even though he knew that the sidewalk on Allin street was out of repair."

Had the court given this instruction as it was prepared, it would have been, in effect, telling the jury the plaintiff's son

might properly pass over the sidewalk, however dangerous it might be, with full knowledge, on his part, of its dangerous character. This is not the law. *Centralia* v. *Krouse,* 64 Ill. 19.

A party has no right to knowingly expose himself to danger, and then recover damages for an injury which he might have avoided by the use of reasonable precaution.

The third refused instruction is as follows:

"The court instructs the jury that they may give damages for the loss of service sustained by plaintiff, not only before action brought, but afterwards, down to the time when, as appears in evidence, the disability may be expected to cease, but not exceeding the time when plaintiff's son becomes twenty-one years of age."

The jury found that plaintiff was not entitled to recover at all, and hence the refusal of the court to give this instruction has in nowise injured plaintiff's case. Aside from this, however, there is no evidence on which to base the instruction. It does not appear, from the evidence, at what time a cure will be effected.

Perceiving no substantial error in the record, the judgment will be affirmed.

*Judgment affirmed.*