### DAVID GILCHRIST

*v.*

### JOHN R. GILCHRIST.

1. CONTRACT—*to make a hedge, construed.* Where a person taking a lease of a quarter section of land for the term of five years, covenanted to plant and grow a good and substantial hedge fence by the close of the term, it was *held*, that the true meaning of the contract was, that a hedge as good as could reasonably be made before the expiration of the lease, should be made. It did not impose the duty of making a hedge that would turn stock, but only that the lessee should plant and faithfully cultivate it during the term.

2. INSTRUCTIONS—*critical exactness will not always be required.* Although there may be objections to part of the instructions given, when criticised, yet if taking them together, as a whole, the law of the case is fairly presented, and justice is done by the verdict, the judgment will not be reversed.

3. BILL OF EXCEPTIONS—*evidence must be shown to have been offered.* In a suit upon a lease for a breach of its covenants, where the bill of exceptions fails to show that the lease was offered in evidence, it can not be considered by this court, although the clerk has copied it into the record.

APPEAL from the Circuit Court of Ford county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was an action of covenant on a lease, brought by David Gilchrist against John R. Gilchrist. The lease was for a term of five years, commencing March 1, 1869, and provided that the lessee should plant and grow a hedge around the quarter and a hedge through the center, the same to be planted in the spring of 1870, and to be cultivated in a good and husband-like manner, and "make said hedge a good and substantial fence by the close of the term," etc.

Mr. JOHN R. KINNEAR, for the appellant.

Messrs. GRAY & SWAN, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of covenant on a lease, brought to the Ford circuit court, assigning as breaches that the defendant did not plant and grow a hedge around the premises leased, nor divide the land into two equal parts by growing a hedge through the center thereof, nor did he cultivate the same in a husband-like manner, nor make a good and substantial fence by the close of his term, nor did he throw up all low places along the line where the hedge was to be planted, so as to make a suitable place to grow a hedge; nor build a post and three plank fence, with posts six feet apart, where the ground was so wet as not easily drained and made suitable to grow a hedge.

The lease is set out *in hæc verba* in the declaration, and contains all the covenants above specified.

The defendant pleaded *non est factum.* 2. Performance. 3. Infancy; upon which issues were joined. The cause was tried by a jury, who rendered a verdict for the defendant, which the court refused to set aside on plaintiff's motion, and rendered judgment against plaintiff for the costs, to reverse which he appeals.

The lease was from March 1, 1869, to March 1, 1874, as appears from the declaration, but it does not appear from the bill of exceptions that it was offered in evidence. The clerk has inserted in the record what purports to be a lease, but it was not in evidence, and is not a part of the record as evidence. It would follow, therefore, that the lease is not before us for examination, and what its terms may have been we have no means of ascertaining.

But, regarding the instrument described in the declaration as a covenant between these parties, the question for consideration under the plea of performance is, did the defendant perform the covenants in the lease by him to be performed?

There is no complaint of a breach of any other covenant than the covenant to make a good and sufficient hedge around the quarter section described, and to divide the tract by a hedge row through the center. There is no covenant that the hedge shall be sufficient to turn stock. This demise was for five years, within which time the hedge was to be planted and grown. What, then, is the true interpretation of the contract? Is it anything more than this, that the lessee shall plant and faithfully cultivate the hedge during that time? There is no guaranty beyond this. Paul may plant and Apollos water, but Nature, in her wonderful and mysterious operations, can alone give the increase. The clear meaning of the contract is, that a hedge, as good as could reasonably be made in five years, shall be made. What is the proof? There is some conflict on the point, but there was sufficient testimony before the jury to satisfy them such a hedge had been made. So two juries have found, and we think the evidence in the record justifies the finding.

But appellant contends that this finding was the result of erroneous instructions given on behalf of the defendant, and by refusing a proper instruction asked by him.

Appellant takes the position, and it is a correct one, when a party binds himself to perform an act, he is held to its performance. But there are some qualifications even to this

proposition, and the nature of the contract must be considered, and its making tested by attendant circumstances.

The true meaning of this contract can be no other than this, that the lessee would make as good a hedge as could be made, by proper planting and cultivation, within the duration of the lease, that is, in five years. Every one knows, who has any knowledge of this branch of agriculture, that a perfect hedge is not the growth of five years. Such a hedge as could be produced in five years was the substance of the undertaking, and that this is such a hedge, a jury has found to be true.

This is not like the case of *Taylor* v. *Beck*, 13 Ill. 386, so much relied on by appellant. There, the contract was to deliver "an entire lot of broom brush," and it was held the delivery of a part of it was not a performance.

Appellant, as to the instructions, complains that the sixth instruction asked by him was refused.

As to this instruction, and all others to which exception is taken, we have to say, although there may be objections to them when criticised, yet, taking them together, the law of the case was fairly stated, and justice seems to have been done by the verdict.

A substantial compliance with this contract, by making a good and sufficient hedge, is shown by a preponderance of the evidence, and that is all the covenant required.

The judgment is affirmed.

*Judgment affirmed.*