PEORIA & PEKIN UNION RY. CO.

v.

THOMAS O'BRIEN, Adm'r, etc.

1. INSTRUCTIONS.—Where an instruction is given authorizing a recovery against a railroad company for injuries caused by negligence of its servants which contains no requirement of care or caution on the part of the injured party, the error will not be cured by other instructions which do contain such requirement.

2. INSTRUCTIONS.—DAMAGES.—The instruction as to measure of damages to widow and next of kin for deceased's death is erroneous in that there was no evidence that deceased was fitted by nature or education or by disposition to furnish to his children instruction or moral, physical or intellectual training.

APPEAL from the Circuit Court of Peoria county; the Hon. DAVID MCCULLOCH, Judge, presiding. Opinion filed January 7, 1886.

This was an action on the case brought by appellee against appellant to recover damages for the death of Edward Burk, his intestate, alleged to have been caused by the negligence of the servants of the railway corporation, in charge of a switch engine and train upon its tracks on Grove street, in the city of Peoria. Each of the several counts of the declaration avers that at the time the injuries were received, which resulted in his death, the deceased was exercising reasonable care and caution for his personal safety. The evidence shows he was in the employment of the company as a laborer and track repairer, and on the occasion of the accident, was working upon one of the numerous tracks on Grove street, at or near the intersection of Cedar street. The appellant had about four miles of main track and thirty-five miles of side-tracks with n the city limits; and its principal business consisted in handling and switching freight and passenger cars of other railroad companies, employing in such work from six to eight switch crews, both day and night. From twenty to twenty-five regular trains passed in day time over the crossing in question, and

switch trains were constantly passing and repassing. When the deceased and one O'Laughlin were put to work there to pick out the dirt from the crossing, they were cautioned by the section foreman and told they must keep a lookout for themselves. At the time he started to work there, and up to the time he was hurt, the switch engine was at work in plain sight of deceased; and the evidence shows that when struck he was at work in a stooped position, with his face in the opposite direction from the approaching engine.

It is unnecessary to state the evidence of facts tending to prove the negligence of those in charge of the engine and train.

The only item of testimony that is claimed to bear, even remotely, upon the matter of the personal fitness of the deceased to render assistance in the moral and intellectual education of his children, was the answer made by the widow to the question asked her as to whether the minor children had been dependent upon the father for support and education, and that answer was: "Yes, sir. I had not any other way."

Among the instructions given to the jury at the instance of the appellee, were the two following:

"1.   If the jury should find from the evidence, that the deceased is guilty of the wrongful act, neglect or default, as charged in the plaintiff's declaration and explained in the instructions given them, and that the same resulted in the death of Edward Burk, then the plaintiff is entitled to recover in this action for the benefit of the widow and next of kin of said Edward Burk, deceased, such damages as the jury may deem from the evidence and proof a fair and just compensation therefor, having reference only to the pecuniary injuries resulting from such death, to such widow and next of kin, not exceeding the amount of five thousand dollars."

"2.   The jury are instructed that in estimating the pecuniary injury which the widow and children of the deceased have sustained by his death, if the jury believe from the evidence that they have sustained any injury for which defendant is liable, as explained in these instructions, then the jury have the right to take into consideration the support of the widow

and minor children, and the instruction and physical, moral and intellectual training, as well as the age of the said minor children so far as these matters have been proved in determining the amount of damages in this case."

The verdict and judgment were for appellee, for $5,000 damages.

Messrs. STEVENS, LEE & HORTON, for appellant; as to instructions, cited C., B. & Q. R. R. Co. v. Harwood, 80 Ill. 88 ; C. & N. W. Ry. Co. v. Dimick, 96 Ill. 42; W., St. L. & P. Ry. Co. v. Schacklet, 105 Ill. 364 ; C. & A. R. R. Co. v. Mock, 72 Ill. 141; Chicago City Ry. Co. v. Lewis, 5 Bradwell, 242 ; W., St. L. & P. Ry. Co. v. Rector, 104 Ill. 296; City of Peoria v. Simpson, 110 Ill. 294.

Mr. LAWRENCE HARMON, for appellee; as to instructions, cited Kendall v. Brown, 86 Ill. 387 ; La Salle v. Thorndike, 7 Bradwell, 282 ; Stratton v. C. C. H. Ry. Co., 95 Ill. 25.

BAKER, J. We feel constrained to reverse the judgment in this case, for the errors of the circuit court in giving the first and second instructions for appellee.

It can not be said that there was no evidence before the jury tending to show a want of ordinary care on the part of the deceased; and it was therefore requisite it should have been submitted to their consideration whether plaintiff's intestate had in fact used the degree of care imposed by law upon him, or, on the contrary, had been guilty of such negligence as to preclude a recovery. The first instruction directed a verdict for the plaintiff in the event it was found that the defendant was guilty of the wrongful act, neglect, or default charged, and that the same resulted in the death of the intestate, and wholly ignored the element of care or caution on the part of the deceased. It is suggested that this objection to the instruction is obviated by the words of limitation contained in it, i. e., " as charged in the plaintiff's declaration and explained in the instructions given them," when considered in connection with the averment of reasonable care found in the declaration, and

the requirements of ordinary care as stated in the instruction given on behalf of appellant; but it will be noted from the context that the qualifying words we have quoted have reference only to the wrongful acts, neglect, or default of the defendant, and that the conduct of the deceased at the time of the injury is not by implication or otherwise made a subject-matter of the instruction.

The jury were told in the series of instructions given for appellant, that to entitle the plaintiff to recover he must show by a preponderance of the evidence that the deceased was injured by the negligence of defendant's servants, while he was exercising that decree of care for his personal safety which an ordinarily careful and prudent man would have exercised under the circumstances proven. Were it an open question in this State, we would be inclined to hold that the omission in the instruction of which complaint is made of the requirement of the care by the person injured, was cured by the charge given on motion of appellant, and that the instructions when considered as a whole, properly laid down the law. But it has repeatedly been otherwise decided by the court of last resort. In C. B. & Q. R. R. Co. v. Harwood, 80 Ill. 88, it was expressly held that where one instruction is given authorizing a recovery against a railroad company for injuries caused by negligence of its servants, which contains no requirement of care or caution on the part of the injured party, the error will not be cured by other instructions which do contain such requirement. In C. & N. W. Ry. Co. v. Dimick, 96 Id. 42, the decision was to the same effect. See, also, Denman v. Bloomer, 11 Id. 177; Keokuk Packet Co. v. Henry, 50 Id. 264; I. C. R. R. Co. v. Maffitt, 67 Id. 431; C. B. & Q. R. R. Co. v. Lee, 60 Id. 502; and C. B. & Q. R. R. Co. v. Payne, 49 Id. 499.

If this was a clear case for appellee upon the evidence, the judgment might properly be affirmed, notwithstanding this error; but the testimony is conflicting, and it is a close case upon the facts.

The second instruction may next be considered. The fair intendment of the answer made by the widow to the question pro-

pounded to her was that her minor children were dependent upon the labor and earnings of their father for the pecuniary assistance necessary for their support and education. It does violence to the plain meaning of the question and answer to say that they tend in any degree to show that the deceased was fitted by nature or education, or by disposition, to furnish to his children instruction, or moral, physical or intellectual training. The case of I. C. R. R. Co. v. Welden, 52 Ill. 290, is therefore in point; it was there held that an instruction almost identical in language with that under consideration was, in the absence of evidence upon which to base it, a misdirection of the court, and erroneous.

The third instruction of appellee is also made the subject of criticism, but we think no fair or just objection can be made to it.

The modifications of the court to several of the instructions asked by appellant, were substantially correct; and the instructions given for it were as favorable to it as the circumstances of the case required, or even justified.

For the errors in the first and second instructions for appellee, the judgment is reversed and the cause remanded.

Reversed and remanded.

LACEY, P. J. Instruction No. 1 is not as accurate and guarded as it should be, and is undoubtedly open to criticism as not clearly calling the attention of the jury to the duty of the appellee's intestate to exercising ordinary care at the time of the injury, but I think the instruction fairly considered is sufficiently explained on that point by the clause "and explained in these instructions." Other instructions given for the appellant expressly tell the jury that the appellee's intestate should have been in the exercise of ordinary care at the time of receiving the injury, in order to entitle appellee to recover. I think the explanation spoken of in the instruction must mean, fairly considered, the care, or want of care, required by each party, as well the deceased as appellant. Such, I think, the jury would have naturally understood it.

As to instruction No. 2, I think erroneous according to the

P. & P. U. Ry. Co. v. O'Brien.

views held in I. C. R. R. Co. v. Weldon, 52 Ill. 290. The court seems to hold that in order to authorize the giving of such instruction there should have been some peculiar personal fitness by nature, education or disposition on the part of deceased to furnish such instruction and education as spoken of in the instruction proven, and in the absence of such proof it was error to give it.

In this case there is an entire absence of any proof of the peculiar fitness, and it was therefore error to give it.

And as one of the errors assigned is that the verdict of the jury was excessive, the judgment should be reversed.

Judgment reversed.