# TOWN OF GENEVA

## v.

# S. J. PETERSON AND CHRISTINA PETERSON.

*Municipal Corporations—Street Improvement—Injury to Private Property—Measure of Damages—Special Benefits—Instructions—When Great Accuracy is Required.*

1. In an action against a municipal corporation for damages alleged to have resulted from a street improvement to private property, the jury should take into consideration the special benefits to the plaintiffs, distinguished from the benefits to the public in general.

2. Where the testimony is conflicting, the instructions should be accurate and clear. It is not sufficient that a necessary qualification of an instruction given may be found in the instructions given for the opposite party.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of Kane County; the Hon. CHARLES KELLUM, Judge, presiding.

Mr. CHARLES WHEATON, for appellant.

The only question in this class of cases upon the measure of damages is: Is the property in fact depreciated in value by the grading? The question to be determined is: What would the property have sold for unaffected by the grading, and what would it sell for as affected by it; would it sell for less? Page v. C., M. & St. P. R. R. Co., 70 Ill. 324; Eberhart v. C., M. & St. P. R. R. Co., 70 Ill. 347; J. & N. W. R. R. Co. v. Walsh, 106 Ill. 253; C. & E. R. R. Co. v. Jacobs, 110 Ill. 414.

Any benefits conferred, as well as injury inflicted, should be considered in estimating the damages. City of Elgin v. Eaton, 83 Ill. 535; C., M. & St. P. R. R. Co. v. Hall, 90 Ill. 42; Shawneetown v. Mason, 82 Ill. 337; C. & P. R. R. Co. v. Francis, 70 Ill. 238. The jury in such case should always take into consideration the special benefits in contradistinction to the benefits upon the public in general.

The plaintiffs' instructions must stand by themselves, and if they, or any one of a series of them, are erroneous, then for such error a judgment will be reversed. In a case where the evidence is conflicting, the fact that the law is accurately stated on one side will not obviate errors in instructions given on the other side. I. C. R. R. Co. v. Maffit, 67 Ill. 431; Village of Warren v. Wright, 3 Ill. App. 602.

An instruction which ignores a principle involved in the case is erroneous. C. & N. W. R. R. Co. v. Clark, 70 Ill. 276; Thorne v. McVeagh, 75 Ill. 81; C., B. & Q. R. R. Co. v. Griffin, 68 Ill. 499; Am. Ins. Co. v. Crawford, 89 Ill. 62; Cushman v. Cogswell, 86 Ill. 62; Wabash Ry. Co. v. Henks, 91 Ill. 406; Mendota v. Fay, 1 Ill. App. 418.

Where a verdict is against the weight of evidence, or is too large, or the evidence is conflicting, and the instructions for plaintiffs had a tendency to mislead the jury, the judgment will be reversed. Adams v. Smith, 58 Ill. 417; Carter v. Carter, 62 Ill. 439; Herrick v. Gary, 65 Ill. 101; Frautz v. Rose, 89 Ill. 590; Cushman v. Cogswell, 86 Ill. 62.

Messrs. R. N. BOTSFORD and HOPKINS, ALDRICH & THATCHER, for appellees.

The instructions as a whole, fairly and correctly stated the law of the case. At least the defendant has no ground of complaint on that score.

Complaint is made that the second instruction given for the plaintiffs is not the law. Standing alone, the criticism of counsel for the defendant upon it may be just; but the court should bear in mind that all through the trial, witnesses, both on the direct and cross-examinations, with one or two exceptions, were closely directed to the damages as affecting the market value of the property by the improvement. All the other instructions given on both sides kept this fact prominently in view.

If all the instructions are considered, it will be found that the prominent, positive and controlling idea all through them is to direct the jury with unerring certainty to the proper measure of damages.

In criminal cases the Supreme Court holds that "it is suffi-

cient when the instructions, considered as a whole, substantially present the law of the case fairly to the jury." Ritzman v. People, 110 Ill. 362; and this has been the rule in civil cases, Gilchrist v. Gilchrist, 76 Ill. 281; Lovenguth v. City of Bloomington, 71 Ill. 238.

There was no pretense on the trial, nor does the record show that any special benefit to the public generally or other property owners on this street, was sworn to by any witness who testified in the case.

On the other hand it is claimed, and the proof is, that plaintiffs' property was specially damaged and depreciated in its market value by the grading, and these were the only damages claimed on the trial or sought to be recovered for.

WELCH, J. This was a suit brought by the appellees, as owners of a lot on State Street, in the Town of Geneva, to recover damages claimed to have been caused to the premises by the grading of State Street and lowering the sidewalk in front of the premises. A verdict for the sum of $725 for appellees was rendered by the jury. A remittitur of $325 was entered by the appellees, and judgment entered for the sum of $400 and costs, from which this appeal is taken. Various errors are assigned. Art. 2, Sec. 13, of our present Constitution, declares that private property shall not be taken or damaged for public use without just compensation. The property in this case was private and the improvement being made was for public use, and if the appellees' property was damaged thereby, they are entitled to just compensation for such damages. The question then presents itself, what was the measure of damages? In the case of Shawneetown v. Mason, 82 Ill. 337, it was said: "The true question is, whether the property was injured by the improvement; if not, then there is no damage, and can be no recovery. If there is, then the recovery must be measured by the extent of the loss. If the property is worth as much after the improvement as before, then there is no damage done the property. If the benefits received from making the improvement are equal to or greater than the loss, then the property is not damaged for public use. We apprehend that

there can be no damage to property without a pecuniary loss. City of Elgin v. Eaton, 83 Ill. 535. "The jury should always in such cases take into consideration the special benefits, in contradistinction to the benefits to the public in general." There was in this case a sharp conflict in the evidence on the question as to the amount of damages, if any, sustained by the appellees. In such a case the law should be accurately stated in the instructions. It is insisted by counsel for appellant that the second instruction given for appellees ignored the idea of any special benefits to appellees being considered by the jury. And the jury was told by that instruction that the appellees were entitled to recover for all damages sustained, if any, over and above the benefits to the public generally. The instruction is as follows:

2d. The court further instructs the jury that under the law of this State as it was at the time said grading was done on State Street, private property could not be taken or damaged for the benefit of the public, without making compensation therefor to the owner of such property. Hence, in this case, if the jury believe from the evidence that in consequence of the grading of the street the plaintiffs were damaged over and above any benefits shared by them with the public generally, then they are entitled to recover in this action for such damages, and the jury should so find and fix the amount by their verdict at such sum as the proof shows, if any, they are entitled to receive.

It is conceded by counsel for appellees that that instruction standing alone, the criticism of counsel for appellant upon it may be just. It is insisted that the eighth instruction given for appellees cured the error in the second. The eighth instruction is as follows: Eighth. The question for the jury in this case is, were the premises of the plaintiffs damaged by the grading of State Street? and if the jury believe from the evidence that said premises by reason of such grading were damaged over and above any benefits received by such grading, and that such damages are permanent and substantial damages to said premises, then the jury should find for the plaintiffs such a sum as the proofs show they have sustained, not exceeding the amount claimed in the declaration.

What benefits are referred to in this instruction is not stated. The jury would naturally infer that the benefits referred to meant the same as stated in the second instruction, *supra*, to wit: "Benefits to the public generally." The right of the jury to regard special benefits to the property as against any claim for damages, is not distinctly stated in any of the instructions given for appellees. It is, however, insisted by counsel for appellees that it is sufficient when the instructions, taken as a whole, substantially present the law of the case to the jury, and we are referred to the following authorities: Lovenguth v. City of Bloomington, 71 Ill. 238; Gilchrist v. Gilchrist, 76 Ill. 281; Ritzman v. People, 110 Ill. 362. The rule announced in 71 Ill. 238, was: "A judgment will not be reversed on account of an instruction given which is not applicable to the case, when it appears it could do no harm, and the party objecting to it has not been prejudiced by it." The rule announced in 76 Ill. 281, was: "Although there may be objections to part of the instructions given when criticised, yet if taking them together as a whole the law of the case is fairly presented and justice is done by the verdict, the judgment will not be reversed."

The same rule as in 76 Ill. 281, is announced in Ritzman v. People, 110 Ill. 362. We do not understand the authorities above to conflict with the rule announced by the Appellate and Supreme Court of the State.

Where the testimony in a case is conflicting, the instructions should be accurate, clear and perspicuous. It is not sufficient that the necessary qualifications of them may be found in the instructions given for the opposite party. Village of Warren v. Wright, 3 Ill App. 602 ; Harvey, Wolfe & Co. v. Miles, 16 Ill. App. 533 ; Peoria & Pekin Union Ry. Co. v. O'Brien, 18 Ill. App. 28; Denman v. Bloomer, 11 Ill. 177 ; Keokuk Packet Co. v. Henry, 50 Ill. 264 ; I. C. R. R. Co. v. Maffit, 67 Ill. 431 ; Cushman v. Cogswell, 86 Ill. 62 ; Wabash Ry. Co. v. Henks, 91 Ill. 406. Under the rule as announced in the authorities, *supra*, this judgment must be reversed for the error of the Circuit Court in giving second instruction for appellees.

We do not deem it proper to comment upon the evidence

further than to say it was highly conflicting.   We do not consider the objections to the admission of evidence well taken. For the errors herein iudicated this judgment is reversed and cause remanded.

*Reversed and remanded.*