## Southern Railway Company v. William Lambert, by his next friend.

1. ASSUMED RISK—*when danger becomes.* Where a servant voluntarily abandons the usual and safe way of getting upon a car and experiments with a different mode, one which at any moment may become dangerous, he must be held to have assumed the risk incident to the method employed by him.

Action on the case for personal injuries. Appeal from the Circuit Court of Wabash County; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the February term, 1904. Reversed, with finding of facts. Opinion filed September 9, 1904.

GREEN & RISLEY and KRAMER, KRAMER & SHAEFFER, for appellant; ALEXANDER P. HUMPHREY, of counsel.

S. J. LANDES and P. J. KALB, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

In the spring of 1902 appellant was engaged in ballasting portions of its road-bed, with a material called chat. The chat was brought from a distance in train loads, and when it reached the place where it was to be used, part of the cars were sidetracked and the balance hauled out on the track where it was unloaded by shovelers. The shovelers would then leave the train and proceed to distribute the ballast while the train crew removed the empty cars and brought in other loaded ones. On the morning of May 26 of said year, the work of ballasting the track was being carried on by appellant within the city limits of Mt. Carmel. With the work-train were a conductor, engineer, fireman, two brakemen and a gang of from twenty to thirty shovelers, the latter working under the direction of the road supervisor and his foremen, Walston and Hennigen. The shovelers that morning consisted of the local section crew at Mt. Carmel and a number of extra men. Appellee, a young man eighteen years of age, was one of the extra men, but he had prior to this worked on the road some two or three months, and had some experience on a

chat train. He and an older brother went to work that morning about eight o'clock, and soon after they got upon the cars and commenced shoveling, were sent by one of the foremen to get drinking water for the men. While they were gone, or shortly prior thereto, the train, which consisted of an engine and some seven cars loaded with chat, was divided to allow passage over the crossing at Third street where they were working. The engine and two cars were pulled west of the street crossing and the caboose and the five other cars left on the east side, making an opening of some forty feet. When appellee and his brother returned they went west, beyond the caboose towards the engine and set the keg on a bank near the side of the train. They then proceeded to the car where they had been working and where their shovels had been left. Each of the cars of the train was equipped with two side ladders, one on each side at opposite ends for the use of persons getting on and off the cars. They walked along the side of the car where they had been at work, to the side ladder near the west end, and the brother proceeded to go up the same. Appellee did not follow his brother up the ladder, but went some four feet further to the end of the car, placed his hands on the end sills of that and the next car and threw his legs up between the bumpers to get on to the car. While appellee was thus attempting to get upon the car, the engine and two cars were backed across the opening to catch up another car and take it to the west side of the street, and the cars where appellee was were forced together just in time to catch appellee's right leg between the bumpers and injure him. Appellee brings this suit by Barbara Lambert, his next friend, to recover damages for the injuries so sustained.

The declaration contains three counts. The first alleged negligence on the part of the train men, in running the engine and detached cars with great force against the remaining portion of the train, without giving any signals or warning; the second, failure to ring the bell on the engine as required by ordinance of the city; and the third, the start-

ing and running of the engine and cars attached thereto, without ringing the bell or sounding the whistle a reasonable time before starting, contrary to the statute. Each one of the three counts, after detailing the circumstances said to have caused the injury, contained the averment that appellee was then and there in obedience to the command of his said foreman, in the line of his duty and with due care and caution for his own safety in the act of getting upon one of the cars of said train. The general issue was filed and the trial resulted in a verdict in favor of appellee for $900, for which amount judgment was given.

Appellant urges two reasons why appellee should not be permitted to recover in this case, but we only think it necessary to consider the second which is, that appellee was, at the time of the injury, guilty of negligence contributing to bring the same about. It appeared from the evidence that the cars of the work train upon which appellee was employed, were supplied with safe and convenient ways of getting on and off of them; that appellee, disregarding the means furnished him by appellant for getting on the cars, voluntarily selected another way, and the result was that he received the injuries complained of. No reason is shown by appellee why he abandoned the usual way of getting on the car by the ladders and pursued another method. The statement in the several counts of the declaration that he was between the cars in obedience to the commands of his foreman, is not supported by any evidence whatever, but appellee appears to have gone between the cars entirely of his own volition. He had worked upon the railroad before and had had experience with chat trains and must have known, as is shown by the evidence, that in unloading the ballast at the place where needed, the cars are moved frequently and that the method adopted by him to get on the car might become a dangerous one. Appellee having abandoned the usual and safe way of getting on the car, and experimented with a different mode and one which might at any moment become dangerous, must be held to have assumed the risk incident to the method em-

ployed by him. Abend v. T. H. & I. R. R. Co., 111 Ill. 202; Homersky v. Winkle Terra Cotta Co., 178 Ill. 562; Wabash R. R. Co. v. Propst, 92 Ill. App. 485. "A party has no right to knowingly expose himself to danger and then recover damages for an injury which he might have avoided by the use of reasonable precaution." Lovenguth v. City of Bloomington, 71 Ill. 238; North Chicago St. R. R. Co. v. Cossar, 203 Ill. 609. The record in this case fails to disclose any evidence tending to show that appellee went between the cars at the time he was injured in obedience to the command of his foreman or in the line of his duty, or with due care and caution for his own safety, as alleged in the declaration, but on the contrary shows him to have been guilty of such contributory negligence as to bar a recovery.

The judgment of the court below will be reversed.

*Reversed.*

Finding of facts, to be incorporated in the judgment of the court:

We find that appellee at the time he received the injuries complained of in this case, was not in the exercise of ordinary care for his own safety.