(Nos. 84-CC-3559, 85-CC-0380 cons.—

ALFREDO VARGAS and CECIL CALVERT ODOM, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed December 19, 1988.*

ALLEN G. WILSEY, for Claimant Alfredo Vargas.

LOUIS E. NEUENDORF & ASSOCIATES, for Claimant Cecil Calvert Odom.

NEIL F. HARTIGAN, Attorney General (JOHN R. BUCKLEY, Assistant Attorney General, of counsel), for Respondent.

BURKE, J.

This cause coming to be heard upon the report of the Commissioner, after hearing before said Commissioner and this Court being fully advised in the premises:

Finds that Claimants Alfredo Vargas and Cecil Calvert Odom were inmates at Sheridan Correctional Center on April 10, 1984, and both were employed refurbishing furniture, and office and school desks for mental institutions and other institutions for the State of Illinois. Prison Industries transported the used furniture from its storage location outside the prison to its workshop inside the prison in a pickup truck, whose floor space was 10 to 12 feet with walls and a roof, but no tailgate or door at the rear.

Claimant Vargas testified that on April 10, 1984, the truck was parked a few inches from the dock of the Prison Industries building and he sat on the back of the truck facing the dock of the building with his feet on top of the dock and Claimant Odom sat next to him. The truck driver, J.D. Reno, a State employee, Supervisor Harloman and an inmate came out of the building, saw Claimants sitting in the back of the truck. Alfredo Vargas testified, "Reno came in front of me, looked down at both of us and he asked if we were ready and we told him, 'Yes, we were ready.'" Vargas further testified, "Then he started the truck and he jerked back, it just started rolling straight back and hit the dock." Vargas' left leg and Odom's right leg were between the

steel beam used as a step into the back of the truck and the edge of the dock. After several seconds, the truck was pulled away from the dock, freeing Claimants' respective legs. Each claimed they sustained injuries to his trapped leg.

The incident report of the Department of Corrections by Reno, the truck driver, states: "When I placed the truck in neutral gear to start it, the truck rolled backwards, catching the legs of Odom and Vargas between the truck and loading dock."

The medical evidence is undisputed in that there was a slight injury to the leg of Claimant Vargas and minimal injury to the leg of Claimant Odom. As to the issue of liability and degree of negligence of the parties, the record indicates substantial negligence on the part of both Claimants. Neither observed safety rules by sitting in the back of the truck allowing their feet to dangle over the edge of the truck, very close to the edge of the dock, when the entire inside of the truck was empty for their occupancy. On the other hand, Respondent's agents could and should have directed the Claimants to change their location by sitting inside the truck, thus, observing safety rules. Claimants were neither ordered nor instructed by Respondent's agents to place their legs in the narrow gap between the truck and dock. Claimants were not relieved from exercising reasonable care in a situation where they could have selected a safe place to sit inside the truck rather than the hazardous position on its tail. Claimants had no right to expose themselves to possible danger and then recover damages for injuries which they could have avoided by use of reasonable care. *Alberts v. Continental Co.*, 220 F.2d 847; *Lovinguth v. City of Bloomington*, 71 Ill. 238; *Beidler v. Branshaw*, 200 Ill. 425.

In the case of *Alvis v. Ribar*, 85 Ill. 2d 1, 421 N.E.2d

886, the court held that the comparative negligence standard requires that the court analyze the actions of the claimants and respondents to determine if any, some or all of the parties exercised less than reasonable care which proximately led to claimants' injuries.

Claimant Odom is awarded three hundred ($300.00) dollars and Claimant Vargas is awarded seven hundred ($700.00) dollars, said awards being in full and complete satisfaction of Claimants' complaint.