CITY OF CHICAGO

v.

JAMES GLANVILLE.

1. MUNICIPAL CORPORATION NOT INSURER.—A municipal corporation is not an insurer against accidents to persons traveling on its streets or sidewalks.

2. DEFECTIVE SIDEWALK—LIABILITY.—In the absence of any acts of positive misfeasance on the part of its officers or employes, a city is only liable for failing to exercise reasonable and ordinary care and diligence to keep its streets and sidewalks in safe repair and condition. The essential inquiry being not merely whether a defect existed to the knowledge of the city but also whether the city had exercised reasonable and ordinary care and diligence to keep the sidewalk in safe repair and condition.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed January 27, 1886.

This was an action on the case brought by appellee against the city of Chicago to recover damages for a personal injury to appellee occasioned by reason of the alleged negligence of

the city in suffering a portion of the sidewalk on West Indiana street in said city to be out of repair.    The declaration alleges that the defendant "wrongfully and negligently suffered and permitted the same to be and remain in bad and unsafe repair and condition, and divers of the planks wherewith said sidewalk was laid to be and remain broken and unfastened, by means whereof the plaintiff, who was then and there passing along and upon the said sidewalk, then and there necessarily and unavoidably tripped and stumbled," etc., whereby he was injured.    The evidence tended to show that the sidewalk at the place of the accident was double, the upper board being about an inch thick, and somewhat decayed and loose; that it was tipped up by a person walking just in advance of the plaintiff, and that plaintiff tripped upon it and fell, causing the injury complained of; that the plaintiff was familiar with the locality, having been in the habit of passing over the sidewalk for a considerable time in going to and from his work. There was a contrariety of evidence as to the condition and safety of the sidewalk at the place where the accident happened.

The court, at the request of the plaintiff, instructed the jury as follows:

"The court instructs the jury that it is the duty of a city to keep its sidewalks in reasonably safe repair and condition, and if the jury believe from the evidence in this case that the plaintiff, while himself exercising ordinary care to avoid being injured, was injured as charged in the declaration, by means of a defective sidewalk in the city of Chicago, upon the south side of West Indiana street, and between the streets known as Desplaines street and Union street, and in the way and manner stated and set forth by the plaintiff in his declaration, and if they further believe from the evidence in this case that said sidewalk had been in defective condition for such a time prior to such injury, if any, that the corporate authorities of the city of Chicago having charge of the same, could, in the exercise of reasonable care and diligence, have known of the same and have repaired it, but failed to do so, and said plaintiff was injured in consequence of the negligence of the city in not

repairing said sidewalk, and while exercising ordinary care and caution to avoid being injured, then the jury will find for the plaintiff.

" The court instructs the jury, as a matter of law, that when a sidewalk of a city is in a dangerous or defective condition and has so remained for such a length of time that the public authorities of the city, having charge of the same, could by the exercise of ordinary and reasonable care and diligence have discovered the fact, then actual notice to such authorities of the condition of the walk will not be necessary, in order to hold the city liable for an injury sustained by a person in consequence of such dangerous or defective condition of the sidewalk, provided such person was at the time of the injury exercising ordinary care to avoid being injured."

To the giving of each of said instructions the defendant duly excepted.

The jury found the defendant guilty, and assessed the plaintiff's damages at $1,500. The defendant's motion for a new trial being overruled, it appealed to this court.

Mr. HEMPSTEAD WASHBURNE and Mr. CLARENCE A. KNIGHT, for appellant; cited City of Aurora v. Pulfer, 56 Ill. 270; City of Chicago v. Lavelle, 83 Ill. 482.

Mr. JAMES FRAKE and Mr. CHARLES E. PICKARD, for appellee; cited Morgan v. Ryerson, 20 Ill. 343; Brenke v. Green, 48 Ill. 243; Stickle v. Otto, 86 Ill. 161; Addem v. Suver, 89 Ill. 482.

WILSON, J.   The plaintiff's first instruction, stripped of its formal verbiage, comes to this, that if a person is injured by a defect in the sidewalk of the city the existence of which the city knew or might have known by the use of due diligence, the city is liable in damages.   Such is not the law.   It has long been the settled doctrine in this and other states that a municipal corporation is not an insurer against accidents to persons traveling on its streets or sidewalks.   It is not required to make its sidewalks perfect and free from every possible defect as a

City of Chicago v. Glanville.

condition to immunity from liability for injuries that may happen by reason of defects therein. In the absence of any acts of positive misfeasance on the part of its officers or employes, it is only liable for failing to exercise reasonable and ordinary care and diligence to keep its streets and sidewalks in safe repair and condition. The essential inquiry therefore is not merely whether a defect existed to the knowledge of the city, but also whether the city had exercised reasonable and ordinary care and diligence to keep the sidewalk in safe repair and condition. Such was the ruling of this court in the case of City of Chicago v. Watson, 6 Bradwell, 344, in accordance with the uniform holding of the Supreme Court in numerous like cases. City of Joliet v. Verley, 35 Ill. 58; City of Bloomington v. Bay, 42 Ill. 503; City of Peru v. French, 55 Ill. 317; City of Aurora v. Pulfer, 56 Ill. 270; City of Chicago v. Bixby, 84 Ill. 82.

The test of liability is not merely whether there was a defect in the sidewalk which was known, or should have been known to the city, and from which the injury resulted, for this would be in effect to hold the city liable as an insurer, however diligent it may have been to keep its sidewalks in safe repair and condition. In a large city like Chicago, with its many miles of wooden sidewalks, we must assume that with the natural decay from wear and the action of the elements, its sidewalks are constantly becoming defective in places which the utmost vigilance on the part of the city may be insufficient to always at once repair. As was said in Chicago v. Bixby, *supra*, " The law does not require the city to make such works perfect. We apprehend that there are few, if any, sidewalks in that or any other city that could not be improved and made better, and if so they are imperfect ; and no court, we apprehend, has ever intentionally announced that such is the duty of a city."

In the light of these views the error of the plaintiff's first instruction is manifest. By it the jury were told that if the plaintiff was injured by means of a defective sidewalk, and that the same had been in a defective condition for so long a time prior to the accident that the corporate authorities

having charge of the same, could, in the exercise of reasonable diligence, have known of the same and repaired it, and failed to do so, the city was liable, irrespective of whether the defect was of such a nature as to render the sidewalk unsafe or dangerous.

The true test of liability, namely, whether the city had used ordinary an l reasonable care and diligence to keep the sidewalk in safe condition and repair or not, was wholly omitted from the instruction, and the liability was made to depend upon the mere fact that there was a defect, known to the city, which it neglected to repair. This was not enough; and the instruction was misleading, since the jury were expressly given to understand that proof of a defect in the sidewalk, irrespective of its character, known to the city, and a resulting injury to the plaintiff while in the exercise of due care, were all that was required to make out a cause of action.

The error in this instruction is not cured by any other, nor was the true rule on the subject anywhere specifically pointed out for the information and guidance of the jury.

The merits of the case under the evidence were, to say the least, doubtful, and the instruction ought to have been substantially accurate, for it involved the very gist of the action.

It may be added that the instruction is also erroneous in excluding the idea that the city is subject only to the duty of exercising reasonable diligence in keeping its sidewalks in repair. As defined in the instruction, it makes the duty of the city to keep its streets and sidewalks in reasonably safe repair and condition, absolute; while, as we have already seen, its duty is more restricted, requiring only the use of due diligence to keep them in safe condition.

For the error in giving the plaintiff's first instruction, the judgment of the court below is reversed, and the cause remanded for a new trial.

<span style="padding-left:4em;">Reversed and remanded.</span>