## City of Chicago v. Julia Richardson.

1. EVIDENCE—*Additional Precautions Not Evidence of Prior Negligence.*—It is entirely proper for city authorities, when they learn that an accident has occurred, to take additional precautions to insure the safety of persons passing over a sidewalk, and such action can not be accepted as evidence of prior negligence.

2. CITIES AND VILLAGES—*Duty as to Sidewalks.*—A city is not bound to construct its sidewalks so that, when rendered slippery with snow and ice, it will be impossible for one passing over them to slip and fall; it is only bound to exercise reasonable care, so that such sidewalks shall be reasonably safe at all times to one in the exercise of reasonable care and caution thereon.

3. ORDINARY CARE—*Voluntary Exposure to Danger.*—A party has no right to knowingly expose himself to danger, and then recover damages for an injury which he might have avoided by the use of reasonable precaution.

4. SAME—*Walking on Sidewalk Known to be in a Dangerous Condition.*—If a person knows a sidewalk to be in a dangerous condition when he enters upon it, he can not, in the exercise of ordinary prudence, proceed and take his chance, and, if he shall actually sustain damage, look to the town for indemnity.

5. SAME—*When a Question for the Jury.*—Ordinary care is a question for the jury when there is evidence for the jury to consider upon that point; but if there is no evidence of the exercise of ordinary care by the plaintiff, in a suit based on the negligence of the defendant, a verdict for the plaintiff should not be allowed to stand.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1897. Reversed and remanded. Opinion filed April 8, 1898.

City of Chicago v. Richardson.

## Statement of the Case.

This is an action to recover damages for injuries received by the appellee, caused by a fall upon a sidewalk, which is alleged to have been negligently constructed, with a dangerous slant, without cleats, and without a hand-railing on either side.   Plaintiff claims that these alleged defects in construction rendered the walk in question unsafe.   The evidence tends to show that the slanting portion of the sidewalk upon which the accident occurred was six feet in width, with a slope fifteen feet in length, declining about two feet four inches from the upper to the lower level of the walk, and the upper level two feet ten inches above the ground.   According to the testimony of the city superintendent of sidewalks, these were the actual measurements at the time of the trial, and the plaintiff testified that the incline was then the same as at the time of the accident, except that cleats had since been placed upon the walk.

The plaintiff had been in the habit of going over this sidewalk " very often," and always went to market that way.   The accident occurred about half after ten o'clock in the forenoon of November 11, 1894.   It was a bright morning.   The weather was clear and " very cold."   The sidewalk was covered with snow and sleet, which had fallen the night before, and which " was hard, crusty-like and slippery."   The plaintiff states that she was apprehensive that the walk was dangerous, and that it looked so.   Her daughter preceded her down the incline, and when the plaintiff was about half way down, she slipped and fell. Throwing back her right hand as she fell, her wrist was fractured.   She complains also that she was hurt internally, causing weakness.   The jury found a verdict in her favor, upon which the trial court entered judgment, and the city appeals.

Miles J. Devine, J. B. O'Connell and Quin O'Brien, attorneys for appellant.

A city is required only to exercise ordinary care to keep its sidewalks in a reasonably safe condition for the accom-

modation of travelers. Where the sidewalk is properly constructed and the injuries are caused by the slippery condition produced by the prevailing storms of the season, there should be no liability on the municipality. Village of Gibson v. Johnson, 4 Brad. 288; City of Macomb v. Smithers, 6 Brad. 470; City of Chicago v. Bixby, 84 Ill. 82. The slipperiness of a sidewalk, occasioned by ice or snow, not being accumulated so as to cause an obstruction, is not such a defect as will make the city liable for damages occasioned thereby. City of Chicago v. McGiven, 78 Ill. 347; City of Aurora v. Parks, 21 Ill. App. 459; Stanton v. City of Springfield, 12 Allen, 566; Cook v. City of Milwaukee, 24 Wis. 270.

Plaintiff was guilty of contributory negligence in attempting to pass over a sidewalk with which she was familiar, and which she saw and knew to be in a dangerous condition, from ice, snow and other causes. City of Centralia v. Krouse, 64 Ill. 19; City of Quincy v. Barker, 81 Ill. 300; Shearman and Redfield on Negligence, Sec. 30; 4 Am. and Eng. Corp. Cases, 630; City of Chicago v. Bixby, 84 Ill. 82.

JAMES B. McCRACKEN and ALBERT M. CROSS, attorneys for appellee.

In the following cases it is held that where the condition of a sidewalk is dangerous, because of elevation above the surrounding area, a failure to put up railings is actionable negligence. Village of Carterville v. Cook, 129 Ill. 152, 29 Ill. App. 495; City of Chicago v. Gallagher, 44 Ill. 295.

Even if a traveler knows of a defect or danger in the sidewalk, he is not compelled to take to the center of the street, or to the opposite side of the street, or to go around by way of some other street. He has a right to travel over any and all streets, provided, however, if he knows of a dangerous spot or place, if he undertakes to pass over it, he must exercise ordinary care and care commensurate with the known danger. Failing to exercise such care, he is barred from a recovery; if he exercises such care he may recover. City of Aurora v. Hillman, 90 Ill. 61; Village of

Clayton v. Brooks, 150 Ill. 97; City of Bloomington v. Chamberlain, 104 Ill. 268.

MR. JUSTICE FREEMAN, AFTER MAKING THE ABOVE STATE-MENT, DELIVERED THE OPINION OF THE COURT.

Appellee's counsel seek to sustain this judgment upon the theory that the sidewalk was constructed in " a dangerous and unsafe manner," because there were no cleats upon the incline and no side rails, which they insist were necessary to make the passage down reasonably safe.

On the part of appellant it is contended that the construction was reasonably safe; that the incline was rendered slippery by the snow and sleet of the previous night, for which the city was not responsible, and that the accident was caused by the contributory negligence of the appellee.

The evidence does not sustain the contention of appellee's counsel that the sidewalk was constructed in a manner which rendered it unsafe under ordinary conditions. Appellee and her daughter, who was with her when the accident occurred, had gone over this same sidewalk in safety very often prior to that time. They always went to market that way. There is no evidence tending to show that the incline was of such grade or so constructed as to be unsafe under ordinary conditions. One witness testifies, on redirect examination by appellee's counsel, that she saw a lady fall there the summer before, at a time when it was muddy and after a rain. But there is no evidence tending to show that the grade of the incline was such as to be unsafe, unless we should be prepared to hold that any inclination whatever in a sidewalk is in itself evidence of negligent construction. Appellee's counsel suggest that it is a significant fact that after this accident the city caused cleats to be placed upon this walk. It was certainly proper, when the city authorities learned that an accident had occurred, to take additional precautions to insure safety under any conditions; but such action is no evidence of prior negligence, unless, as before stated, we are prepared to hold that any inclination in a sidewalk is necessarily unsafe, and is of itself sufficient proof of negligence. In the absence of proof of negligence in the construction or grade of the incline, or of evidence tending

to show that a railing was reasonably necessary by reason of anything dangerous in the character or gradation of the incline, there is not sufficient evidence to sustain the declaration. Appellant was not bound to construct its sidewalk so that when rendered slippery with snow and ice it would be impossible for one passing over it to slip and fall. It must exercise reasonable care, so that such sidewalk shall be reasonably safe at all times to one in the exercise of reasonable care and caution thereon. City of Chicago v. Bixby, 84 Ill. 82; City of Macomb v. Smithers, 6 Brad. 470; City of Aurora v. Parks, 21 Ill. App. 459; City of Chicago v. Mc-Given, 78 Ill. 347.

There is no evidence that in this case the city has failed to exercise such care.

Appellant had passed over this incline frequently before the accident. She says she had been apprehensive of danger to herself in passing over it at other times when there was no snow there. She saw that the snow was "hard, crusty-like and slippery," when about to pass over it the day the accident occurred. Under these circumstances and with full knowledge of the situation, she chose to take the chances of a fall. A party has no right to knowingly expose himself to danger, and then recover damages for an injury which he might have avoided by the use of reasonable precaution. Lovenguth v. City of Bloomington, 71 Ill. 238.

There is no evidence of any special precaution having been taken by appellee, such as her knowledge of the danger would reasonably require. "It is settled that if a person knows a way to be dangerous when he enters upon it, he can not, in the exercise of ordinary prudence, proceed and take his chance, and if he shall actually sustain damage, look to the town for indemnity." Wilson v. City of Charleston, 8 Allen, 137; cited in City of Sandwich v. Dolan, 133 Ill. 181.

Ordinary care is a question of fact for the jury when there is evidence for the jury to consider upon that point. There is no such evidence in this case.

For the reasons indicated the judgment will be reversed and the cause remanded.