### Elizabeth White v. City of Chicago.

#### Gen. No. 11,966.

1. SIDEWALKS—*extent of municipal liability for safe condition of.* A municipality is not an insurer against possible accidents upon a public highway, nor is it bound so to construct its streets that no accidents can happen thereon; if it uses reasonable care to make and to keep its streets in a reasonably safe condition for the use of those who are exercising reasonable care for their safety in passing over them, it has done its whole duty in that regard.

2. CONTRIBUTORY NEGLIGENCE—*when pedestrian guilty of.* A pedestrian who knows that a certain part of a street is in a dangerous condition, and notwithstanding this knowledge, persists in passing over it, when another and safe way is convenient, does so at his peril; he cannot knowingly expose himself to danger and then recover damages for an injury which he might have avoided by the use of reasonable precaution.

3. CONTRIBUTORY NEGLIGENCE—*when person injured while attempting to save life of another, guilty of.* While the general rule is that one who exposes himself to danger in an attempt to save the life of another is not guilty of contributory negligence, yet where the danger of such other was induced by the voluntary act of such person, the doctrine of contributory negligence applies.

Action on the case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. HOMER ABBOTT, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed May 29, 1905.

**Statement by the Court.** This is an action for personal injuries. At the close of appellant's evidence the court instructed the jury to find a verdict for appellee. From the judgment entered on that verdict this appeal was perfected.

Talman street runs north and south in the city of Chicago. Appellant at the time of the accident lived, and for two and one-half years prior thereto had lived, on the east side of this street in the middle of the block lying between Milwaukee avenue and Pleasant place. The plank sidewalk on the west side of Talman street opposite her residence was in good condition. It was placed next the lot line and was six feet wide. Between it and the curb of the roadway there was a space of about eight feet in width which had not been filled to the level of the curb and walk. In the middle of the block, in front of the premises of a Mr. Hahn, and directly opposite to the residence of appellant, two planks, each ten inches wide, lying side by side, extended from the sidewalk to the curb. The surface of the ground under and in the vicinity of these planks was nearly three feet below them. There was no street crossing at that point. Appellant was perfectly familiar with the situation. She had passed over these planks many times. At 11:30 A. M. of June 14, 1898, appellant accompanied by her three year old child, crossed the street from her home over these planks to the west sidewalk, along which she passed to a grocery. After making some purchases she started back along the west sidewalk, intending again to cross these planks in order to reach her home. When near the planks her child let go the mother's hand and apparently started over the planks alone. In endeavoring to overtake the child appellant lost her balance and fell off the planks to the ground below and thus received the injuries of which she complains.

Lorin C. Collins, for appellant.

John F. Smulski, City Attorney, for appellee; Robert S. Cook and William S. Kies, of counsel.

White v. City of Chicago.

· PER CURIAM. The planks in question extended out from the sidewalk over the parkway to the roadway. They were placed there for the convenience of any one desiring to pass from the Hahn house to the roadway or from the roadway to the house. Who put them in place is not shown by the record. Not being a part of the sidewalk proper, it cannot be presumed that the city laid them down. At each end of this block there was a regular cross-walk over which persons wishing to cross the highway could do so with safety. Appellant knew the entire situation. She knew the width and length of these planks. She knew that they spanned a depression some three feet in depth. She was in the habit of going that way. It was midday when the accident happened. Everything was in plain view. The city is not an insurer against possible accidents upon a public highway, nor is it bound so to construct its streets that accidents cannot happen. If it uses reasonable care to make and to keep its streets in a reasonably safe condition for the use of those who are exercising reasonable care for their personal safety in passing over them, it has done its whole duty in that regard. City of Chicago v. Glanville, 18 Ill. App. 308; City of Aurora v. Pulfer, 56 Ill. 270; City of Quincy v. Barker, 81 Ill. 300; City of Chicago v. Bixby, 84 Ill. 82. The city has performed its full duty when it has provided a safe sidewalk for those who endeavor to keep on it and to leave it at such points only as have been provided for that purpose.

The pedestrian who knows that a certain part of the street is in a dangerous condition, and notwithstanding this knowledge persists in passing over it, when another and a safe way is convenient, does so at his peril. He cannot knowingly expose himself to danger, and then recover damages for an injury which he might have avoided by the use of reasonable precaution. Centralia v. Krouse, 64 Ill. 19; Lovenguth v. Bloomington, 71 Ill. 238; Butterfield v. Foster, 11 East, 60; Wilson v. City of Charleston, 8 Allen, 137; City of Sandwich v. Dolan, 133 Ill. 177; Chicago v.

Richardson, 75 Ill. App. 198; City of Erie v. Magill, 101 Pa. St. 616.

In City of Peoria v. Walker, 47 Ill. App. 182, appellee drove his horses along the street into a place where certain ditches were being dug, and where his horses might be frightened by a passing street car, when he could have passed along another part of the street easily and safely. One of his horses did become frightened, and appellee in jumping from his wagon was injured. The court say: "He ought not to have placed himself in a position where, by the frightening of his horses, he would be in peril, and more especially where there was a safe way open,"—and therefore reversed the judgment against the city and remanded the cause.

In the case at bar the accident in question was brought about by the negligence of appellant. A few minutes prior to her injury she had led her child over these planks, and on her return she was again approaching them with the intention of re-crossing upon them. The natural inclination of the child to return the way it came, led it to pass from the sidewalk to and upon the planks when it reached them. The danger, if any, to the child, in crossing the planks ahead of the mother was fully known to appellant. In our opinion appellant, under all the circumstances of the case, was guilty of such negligence as deprives her of a right of recovery. C., W. & V. Coal Co. v. Moran, 210 Ill. 17; C. C. Ry. Co. v. Canevin, 72 Ill. App. 86. It is a humane provision of the law that negligence which precludes a recovery is not imputed to one who voluntarily exposes himself to danger in an attempt to save the life of another. Eckert v. Long Island Ry. Co., 43 N. Y. 502; Penn. Co v. Langendorf, 48 Ohio, 316; Donahoe v. W. St. L. & P. Ry. Co., 83 Mo. 560; Gibney v. State, 137 N. Y. 1. There is, however, an exception to this rule. If the party injured was guilty of negligence in bringing about the perilous situation, that negligence will prevent his recovery.

In Air Line Ry. Co. v. Leach, 91 Ga. 419, the deceased, having with him a small boy, was crossing a long high rail-

way trestle, when they were about to be overtaken by a rapidly moving train. In his effort to save the boy the deceased was killed. In reversing a verdict recovered by his representative, the court say: "Whatever may be the law with reference to the liability of a railroad company for injuring or killing one who exposes himself to risk and danger by attempting to rescue another in a perilous situation which he had nothing to do with bringing about, certainly when one directly or by his own negligence causes the peril to exist, and because of it exposes himself to danger, he has, as against the company, no excuse for so doing."

In E. & C. Ry. Co. v. Hiatt, 17 Ind. 102, a father and son were walking on a railway track when a train approached them. The son stepped off the track, but the father, being old and infirm, did not. Thereupon the son returned to the track and rescued his father, but in doing so he was struck by the train and one of his legs was so badly fractured that it had to be amputated. The Supreme Court held that, there being no negligence shown upon the part of the railway company, the negligence of the son in continuing so long upon the track, if not, indeed, in going upon it at all, under the circumstances, precluded his recovery.

In the case at bar the dangerous position in which the child placed itself, and from which the mother attempted to rescue it, was brought about by and through the negligence of appellant.

The case of Hogan v. City of Chicago, 168 Ill. 551, cited by appellant, is not in point. There the new sidewalk for its entire width ended abruptly, the walk beyond being three and one-half feet lower than the level of the sidewalk. A plank was placed leading from the lower level to the higher. When the plaintiff attempted to pass down this plank it slipped off the new sidewalk, causing her to fall. The Supreme Court held that the sidewalk was in an unsafe condition, and that the negligence, if any, of the plaintiff in attempting to pass down this plank, which was a continuation of the walk, was a question for the jury.

612    APPELLATE COURTS OF ILLINOIS.

In the case at bar the city had furnished a safe and sufficient sidewalk for those who desired to travel along it, and had also provided safe and convenient cross-walks for those who desired to cross to and over the roadway.

The judgment of the Circuit Court is affirmed.

*Affirmed.*

Presiding Justice BALL: In my opinion the facts of this case should have been submitted to the jury.