CITY OF SPRINGFIELD

v.

ELIZABETH SCHEEVERS.

*Municipal Corporations—Injury Caused by Excavation in Street by Lot Owner —City Liable for—Practice.*

1.   The duty of a municipal corporation to maintain its streets in a safe condition can not be evaded or delegated to others, and it is liable for resulting damages if it authorizes or permits the owner of an abutting lot to make excavations in front thereof.

2.   This court will not consider an objection that the damages are excessive, which was not made on the motion for a new trial.

[Opinion filed August 26, 1886.]

APPEAL from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Messrs. GREENE, BURNETT & HUMPHREY, for appellant.

Messrs. McCLERNAND & KEYES and JOHN C. SNIGG, for appellee.

WALL, J.   The appellee recovered a judgment for $1,000 against appellant for injury sustained by falling into an excavation in a public street.

It appears that certain private persons wishing to erect a building at the point in question applied to the city for and were granted permission to excavate the sidewalk.

The opening thus made not being sufficiently guarded the appellee received the injury complained of.   It is urged the damages are excessive.   This objection was not made on the motion for new trial and can not be considered here for the first time.   Jones v. Jones, 71 Ill. 562; O. O. & F. R. V. R. R. Co. v. McMath, 91 Ill. 104.

The main question is whether, upon the facts, the city is liable if the plaintiff was exercising ordinary care.   It may be

assumed the jury were warranted in their verdict as to the point that there was no want of ordinary care on the part of plaintiff.

The duty of the city to maintain the streets and sidewalks in such condition as to be reasonably safe for pedestrians, is not denied; but counsel insist that if there was a failure to provide the necessary protection the fault lies with the persons who were erecting the building and the city can not be held without showing notice, or such a condition of things for such a length of time that notice may be implied. Where a street becomes unsafe from ordinary causes and injury is sustained in consequence, the basis of the action being negligence, notice, in fact or to be inferred from the circumstances, is essential to a recovery. But the duty of maintaining the streets in a safe condition devolves upon the corporation and can not be evaded or delegated to others, and if the city by its direct act or authority causes or permits the street to get out of repair, it will be liable. The rule is so stated in Dillon on Mun. Corp., Sec. 791 (2d Ed.), and the author further says that upon this principle, that the obligation may not be surrendered or abdicated, the city is liable for injuries caused by open excavations made therein with its knowledge or consent, expressed or implied, by the adjoining lot owner, for the purpose of an area or to obtain light and air for the basement or cellar of his building. This reasonable and just rule is applicable here. The city gave permission to make the excavation. True, there was a condition that the work should be done with care and due regard for the safety of all who might have occasion to pass that way, but this did not absolve the city from its duty.

It must be presumed to have known the condition of things and should be held responsible, as though it had notice, for the direct result of what it expressly authorized.

The judgment will be affirmed.

*Affirmed.*