# CITY OF KANKAKEE
## v.
## CHARLES J. LINDEN.

*Municipal Corporations—Negligence of—Personal Injuries—Damages —Practice.*

1. In an action brought to recover for personal injuries received by plaintiff in falling through a man-hole left open in the streets of defendant, the court holds that the evidence was sufficient to warrant the finding that the hole was negligently open.

2. The work in question being done under the supervision and authority of the city, the city was responsible for the way in which it was done.

3. In actions for personal injuries a verdict for plaintiff will not be set aside for excess of damages unless the court can clearly see that the assessment is not sustained by the evidence, or in cases where the court can see that the jury have been unduly influenced by sympathy, passion, prejudice or other improper motives.

[Opinion filed December 8, 1890.]

Appeal from the Circuit Court of Kankakee County; the Hon. N. J. Pilsbury, Judge, presiding.

Messrs. W. Potter and H. Loring, for appellant.

Messrs. W. R. Hunter and D. H. Paddock, for appellee.

C. B. Smith, P. J.    This was an action on the case. The declaration declared for an injury received by the plaintiff from falling into a man-hole, left open in the city of Kankakee in one of its streets, by those in the employment of the city. The declaration alleges that this man-hole was left open through the carelessness of the servants of the city, and it alleges that the plaintiff while in the exercise of due care fell in the hole in the night time, about the 30th of August, and was injured. The allegations of negligence are that the employes of the city while cleaning out a sewer along a public street carelessly left open a man-hole in the night time, within about a foot of the edge of a public sidewalk, and almost directly at the crossing or intersection of the sidewalks at River street and Schuyler avenue, without any protection from guards or lights to warn persons passing of danger.

The defendant pleaded the general issue. A trial before a jury resulted in a verdict for the plaintiff for $1,200. The defendant made a motion for a new trial, which the court overruled and gave judgment on the verdict. The city now brings the record before us on appeal and assigns the usual errors.

Appellant insists that the verdict is contrary to the evidence. After a careful study of the evidence, we can not say that the verdict is against the weight of the evidence, but on the contrary we think there is sufficient evidence to support the finding of the jury. The proof shows this sewer was in the corporate limits of the city and that it was being repaired and cleaned out under the direction and supervision of the city, and that the man-hole had been left open three or four days, and when the dirt was thrown up around it, it left a hole, from

City of Kankakee v. Linden.

one to three feet deep, according to the statements of different witnesses. Some of the witnesses swear that the hole' was directly in the crossing, and in the line on the sidewalk; others swear it was just outside the edge of the line of the walk, and there is no claim made by defendant, that any guard or light was placed at this open hole. The defense is that the hole was not deep enough for any one to fall into, nor of such dangerous character as to require guards or lights to warn persons of danger. On the night in question plaintiff and one of his neighbors were going to church, and in passing by this hole in the dark plaintiff fell into it, and sustained severe injuries, from which he suffered a long time. Two women fell into the same hole on the same evening, before appellee fell into it; but they both escaped without injury. We think, leaving this hole open in a public street, almost, if not directly, in the line of the sidewalk, at night, without guards or lights, was an act of gross negligence on the part of the city. There is nothing in the evidence to show that plaintiff was not in the exercise of ordinary care. He swears he was going slow and walking carefully and that he had walked along the same walk on the three preceding evenings when there was no hole there, or at least that he saw none, if it was there.

The work being done under the supervision and authority of the city, it became responsible for the way it was done. The City of Springfield v. Scheevers, 21 Ill. App. 203.

It is contended that appellee aggravated his injury by his own misconduct and want of attention to his injury, but this also was a question of fact fairly submitted to the jury. We can not say that the plaintiff's conduct or treatment of his wounded foot aggravated his injury.

It is also urged that the court erred in giving certain instructions for the plaintiff and in refusing certain instructions asked by the defendant. We have carefully examined all the instructions given and refused and without stopping to discuss each one in detail, it is sufficient to say that we think the law was fairly and accurately laid down to the jury, and that the law was given fully as strong for the defendant as it had any right to ask.

While the damages in the case may seem high, considering the injury, still they are not so high as to justify us in setting aside the judgment and verdict for that reason. The assessment of damages for personal injuries is so largely a matter of the judgment and discretion of the jury, that courts will not set them aside for that reason, unless we can clearly see that the assessment is not justified or sustained by the evidence, or in cases where we can see that the jury have been unduly influenced by sympathy, passion or prejudice, or other improper motive.

Finding no error in this record the judgment is affirmed.

*Judgment affirmed.*