## City of Chicago v. Anella Norton.

### Gen. No. 11,319.

1. SIDEWALK—*when defective condition of, does not confer cause of action.* The mere fact that one of two adjoining flagstones in a sidewalk is two and a half to three inches lower than the other is not sufficient to charge a municipality with the result of injuries received by a person who fell while stepping from the higher to the lower.

Action on the case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Reversed. Opinion filed October 25, 1904.

JOHN F. SMULSKI, City Attorney, for appellant; D. H. WAMSLEY and MORITZ ROSENTHAL, of counsel.

THEODORE G. CASE and JOHN T. MURRAY, for appellee.

City of Chicago v. Norton.

MR. JUSTICE BAKER delivered the opinion of the court.

Appellee recovered a judgment for $5,000 for the damages which she sustained by a fall upon a sidewalk on Randolph street, in the business district of Chicago. Whether the plaintiff was in the exercise of due care for her own safety and whether the damages awarded are excessive are questions on which, under the evidence, the verdict is conclusive.

The sole question in the case is whether the sidewalk at the place where plaintiff fell was reasonably safe, for if it was reasonably safe the city is not liable.

The plaintiff was walking west upon a sidewalk of stone flagging 16 feet wide, and fell near the middle of the walk at a point where the party line between two adjoining properties, if extended, would cross the walk. The sidewalk east of this line had a slightly greater pitch than had the walk west of the line. As a result, while the walk at the curbstone was level, at the building line the walk on the east of the line was five inches higher than the adjoining walk on the west. At the point where plaintiff fell the difference in the level was from two and a half to three inches.

The ground of liability in such cases is negligence, and the question presented is whether the fact that one of two adjoining flag stones in a sidewalk was two and a half or three inches lower than the other is sufficient to charge the city of Chicago with the result of injuries received by a person who fell while stepping from the higher to the lower, on the ground of negligence. In City of Chicago v. Bixby, 84 Ill. 182, one section of the sidewalk was twelve inches lower than the adjoining section. At the intersection of these sections a step was placed. Plaintiff in passing from the higher section to the lower fell and was injured. A judgment against the city in her favor was reversed. In the opinion in that case Mr. Justice Walker said: "The city was bound only to the exercise of reasonable prudence and diligence in making this step. It is not required to foresee and provide against every possible

danger or accident that may occur. It is not an insurer against accidents, but is only required to keep its streets and sidewalks in a reasonably safe condition for the accommodation of travelers and pedestrians, and we are of opinion that the city has not failed in its duty in this instance. We think the evidence shows that the sidewalk was reasonably safe, and, if so, the city should not be held liable."

In Beltz v. City of Yonkers, 42 N. E. Rep. 401, plaintiff recovered a judgment for damages sustained by stepping into a hole or depression in a stone sidewalk two and a half inches deep, two feet long and seven inches wide, caused by the breaking and removal of the edge of the stone. The judgment was reversed upon the ground that the defect was so slight "that no careful or prudent man would reasonably anticipate any danger from its existence." In Hermes v. City of Chicago, (No. 9,818, not reported,) the Appellate Court of this district held in a case where a sidewalk up to a certain line was made of plank and beyond that line was made of cement and the plank walk was five to seven inches higher than the cement walk and the plaintiff fell and was injured in stepping from the plank walk to the cement walk, "that there was no actionable negligence on the part of the city and therefore there could be no recovery." If the existence of a difference in level of three inches between two adjoining pieces of flagging or pieces of plank in a sidewalk may be held to render such sidewalk not reasonably safe and be deemed evidence from which the fact of negligence in respect thereto may be inferred and found, then there is scarcely any sidewalk in any city that is reasonably safe. It is a matter of common knowledge that such differences in level may be found in almost every sidewalk in Chicago and a person walking along a sidewalk will step from a plank or stone three inches above the plank or stone upon which he steps without observing the difference in level. From such a difference in level, danger is not in common experience to be anticipated and a city can only be found guilty of

negligence when the defect in a sidewalk was such that a reasonably prudent man should anticipate some danger to persons walking thereon.

In our opinion the sidewalk in question was reasonably safe and the defendant, the city of Chicago, was not guilty of negligence in respect thereto.

The judgment of the Circuit Court will be reversed with a finding of fact.

*Reversed.*