Mary Owens, Appellee, v. City of Chicago, Appellant.

### Gen. No. 15,497.

1. NEGLIGENCE—*construction of sidewalk upon incline.* *Held,* that the construction of the particular sidewalk in question in this case was not negligent as a matter of law and that in the absence of evidence showing that the sidewalk constructed according to the plan adopted was actually dangerous no case of negligence was established and that the jury had no right to review the plan of construction adopted and carried out by the city authorities.

2. INSTRUCTIONS—*predicated upon evidence.* Instructions should not be given which are not based upon any evidence in the cause.

BALDWIN, J., dissenting.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. A. H. FROST, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Reversed and remanded. Opinion filed May 16, 1911.

EDWARD J. BRUNDAGE and JOHN R. CAVERLY, for appellant.

James C. McShane and Richard J. Finn, for appellee.

Mr. Presiding Justice Smith delivered the opinion of the court.

This case is an appeal by the City of Chicago from a judgment rendered against it in the Circuit Court of Cook County in favor of Mary Owens, appellee, who sued the City of Chicago, appellant, to recover damages for alleged injuries claimed to result from the negligence of the city respecting one of its sidewalks.

The original declaration filed June 10, 1904, consisted of one count which averred in substance that the City of Chicago was, on February 23, 1904, in possession and control of a certain public sidewalk on the east side of Ontario avenue in the City of Chicago, at a point a little north of Ninety-third street, which "was constructed at and upon a sharp slant or incline and without cleats upon the same, or sufficient handrailings at the sides of said walk; that persons were liable to fall in ascending or descending said incline in traveling along and upon said sidewalk, all of which the defendant knew or could have known by the exercise of ordinary care." It is then averred that plaintiff while walking south upon said sidewalk and upon said slant or incline, and in the exercise of due care for her own safety "as a direct result and in consequence of said sidewalk being constructed and permitted to remain at such a sharp slant or incline and having no cleats upon the same or sufficient handrailings upon the side of said sidewalk, she then and thereby slipped and fell to and upon said sidewalk with such great force and violence" that she sustained certain injuries. To this declaration the defendant pleaded the general issue.

On June 17, 1908, an additional count was filed which avers the negligence to be that the sidewalk in question "was constructed at and upon such a sharp slant or incline and without cleats upon the same that when snow and ice accumulated upon said inclined portion of said sidewalk said walk became specially dangerous, and persons using the same were liable to slip and fall in ascending or descending

said inclined portion of the said sidewalk." The additional count then avers that snow and ice had fallen and accumulated on said inclined portion of the walk and that plaintiff exercising due care for her own safety while walking down the incline as a direct result of the sharp incline without cleats, combining with the accumulation of snow and ice, slipped and fell and sustained various injuries.

To this additional count appellant filed a plea to the statute of limitations and the general issue. The demurrer to the plea of the statute of limitations was sustained, and appellant stood by its plea and went to trial on the plea of general issue.

The evidence in the record shows that Ontario avenue runs north and south and Ninety-third street intersects it running east and west. The level at Ninety-third street is about eight or nine feet above the ground, and is also higher than the level of Ontario avenue, which is several feet higher than the adjacent ground. Leading south from Ninety-third street was a sound plank sidewalk to the level on Ontario avenue, where it joined a cinder walk. This wooden walk was about six feet wide and had a railing on one side. It was about thirty-two feet long. The perpendicular distance from the highest to the lowest part of this walk was four and one-half feet, according to the actual measurements shown, though the plaintiff gave it as her estimate that the vertical distance was seven feet. On the day of the accident averred in the declaration this incline was slippery from snow and ice, and plaintiff returning home with her arms full of bundles was descending the incline when she slipped and fell. The radius of the right forearm was fractured and the ulna dislocated.

At the conclusion of the plaintiff's evidence, and also at the conclusion of all the evidence, the defendant appellant, by appropriate motions and instructions therewith offered, requested the court to direct a verdict for the defendant. This the court refused to do and the defendant excepted. The refusal of the court to direct the jury to find the appellant not guilty is assigned for error,

It will be noted that the declaration does not charge that the sidewalk in question was unsound. It avers that the incline of the sidewalk was too great for safety and that it was constructed without cleats, and was insufficiently provided with handrails, so that persons were liable to slip and fall in walking upon it. No other defect is alleged, nor does the evidence attempt to prove any other defect.

In addition to the testimony of the witnesses, the record shows photographs of the sidewalk taken from different points of view. From the evidence in the case we are of the opinion that all reasonable minds would not agree that the plan of construction of the sidewalk in question was so palpably dangerous that the city did not exercise any reasonable discretion in adopting the plan upon which it was built; and in our opinion the evidence does not show that the defendant, City of Chicago, failed to use reasonable care in the plan of the construction of the sidewalk; and in our opinion, the sidewalk in question cannot be held as a matter of law to be unsafe under ordinary conditions. There is no evidence tending to show that the incline was of such grade or so constructed as to be unsafe. Appellant was not bound to construct its sidewalk so that rendered slippery with snow and ice it would be impossible for one stepping over it to slip and fall. We do not think that the jury has a right to review the discretion of the city authorities in adopting a plan of construction, and that seems to be the only case made by the evidence in the record. Healy v. City of Chicago, 131 Ill. App. 183.

In Urkuhart v. City of Ogdensburg, 91 N. Y. 67, the defect alleged was one in a plan of construction, and at the close of the testimony upon the trial the defendant moved for a non-suit. The motion was denied and the defendant excepted. The same question was presented to the court by an instruction which was refused. Upon appeal by the defendant, the New York Court of Appeals, at page 71, say: "The court erred in denying the motion for a non-suit and also in refusing to charge as requested.

"The rule is well settled that where power is conferred on

public officers, or a municipal corporation, to make improvements such as street sewers, etc., and keep them in repair, the duty to make them is quasi judicial or discretionary involving a determination as to their necessity, requisite capacity, location, etc., and for a failure to exercise this power or an erroneous estimate of the public needs, no civil action can be maintained, but when the discretion has been exercised and the street or improvement made, the duty of keeping it in repair is ministerial and for neglect to perform such duty an action by the party injured will lie."

As suggested above, the evidence in this case shows, if it shows anything, a negligent plan of construction adopted with respect to the sidewalk in question and does not show any negligence other than that on the part of the city with reference to the sidewalk. A negligent plan of construction, where the court cannot say as a matter of law that such plan of construction was negligent, does not present a case which should be submitted to a jury. City of Chicago v. Bixby, 84 Ill. 82; Teager v. City of Fleminsburg, 109 Ky. 746; Gould v. City of Topeka, 32 Kans. 485.

Error is assigned upon the giving to the jury the following instruction at the instance of the plaintiff: "The court instructs the jury that if you find a preponderance of the evidence under the instructions of the court that at the time of the alleged accident the sidewalk in question was defectively constructed as charged in the declaration, and that such defective condition of said sidewalk contributed to and was the proximate cause of the accident as alleged in the declaration, and that plaintiff while in the exercise of ordinary care for her own safety and welfare was injured thereby and sustained damages, then you should find the defendant guilty." This instruction is erroneous and misleading because there is no evidence upon which to base it. There is no evidence in the case that the sidewalk in question was defectively constructed; on the contrary all the evidence shows that it was well constructed.

It is further erroneous because it refers to the declaration and does not state the specific facts upon which the jury are

authorized to find the verdict directed. One count in the declaration charged the city with negligence in building a sidewalk not safe under ordinary conditions, and the other charged the city with building a sidewalk which was unsafe under the extraordinary conditions of snow and ice. In City of Chicago v. Richardson, 75 Ill. App. 198, this court held that if the sidewalk is safe under ordinary conditions, the city is not liable because it is rendered slippery by snow and ice. City of Chicago v. McGiven, 78 Ill. 347.

In Healy v. City of Chicago, *supra,* it was held that the city was not liable for a negligent plan of construction except where the court could say, as a matter of law, that such plan of construction was negligent. The jury, therefore, could not understand from that instruction upon what negligence averred in the declaration they were authorized to find the defendant guilty.

In Krieger v. A. E. & C. R. R. Co., 242 Ill. 544, in passing upon an instruction which required the jury to find for the plaintiff if the plaintiff had proved his case as laid in his declaration, it was held: "The general rule often declared is, that the instructions must in a clear, concise and comprehensive manner inform the jury as to what material facts must be found to recover or to defeat a recovery." Neither of the counts in the declaration furnished to the jury such a statement of the material facts which they must find in order to justify them in finding for the plaintiff. The instruction was therefore erroneous.

For the reasons given the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

MR. JUSTICE BALDWIN dissents.