## Ida Bell White, Appellee, v. City of Belleville, Appellant.

Opinion filed March 6, 1936.

L. N. NICK PERRIN, JR., of Belleville, for appellant; LOUIS KLINGEL, of Belleville, of counsel.

BEASLEY & ZULLEY, of East St. Louis, for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

The appellee, Ida Bell White, brought her action against the Illinois Power and Light Corporation, the Southwestern Bell Telephone Company and the City

of Belleville, to recover damages for personal injuries alleged to have been sustained when she fell on a sidewalk in said city. At the conclusion of appellee's evidence, the court sustained a motion for a directed verdict as to the Illinois Power and Light Corporation and at the conclusion of all the evidence, a similar motion was sustained as to the Southwestern Bell Telephone Company. The jury returned a verdict in favor of appellee for $6,400. The court required a remittitur of $1,400 and after overruling the city's motions for judgment notwithstanding the verdict, new trial and in arrest of judgment, judgment was entered against the city for $5,000 and this appeal followed.

Appellant urges three grounds for reversal: (1) The injury occurred November 19, 1933. The original complaint was filed June 14, 1934, and the amended complaint February 1, 1935. It is appellant's contention that the original complaint did not state a cause of action and that therefore the amended complaint was filed more than one year after the cause of action accrued and is therefore barred. (2) That the notice given pursuant to the requirements of section 7, chapter 70, Illinois State Bar Statutes was insufficient as to the description of the location of the defective condition of the sidewalk. (3) That the court erred in not sustaining appellant's motion for a directed verdict.

The original complaint contained allegations to the effect that appellant was a municipal corporation and had possession and control of the public streets, alleys and sidewalks in said city and kept them in repair for the use and travel of the public; that prior to the accident, the defendant utility companies, in the management of their property, made an opening in the sidewalk near the intersection of West A street and North Illinois street in said city and so carelessly and negligently performed the same that they caused a

broken, uneven, dangerous and unsafe condition to be and remain in said sidewalk. The fourth paragraph of the first count was that the city authorized or with its knowledge permitted the construction or making of said unsafe condition ''and the same remained for such a length of time that the same would have been removed or repaired by said defendants in exercise of ordinary care prior to the occasion of the injury.'' The amended complaint filed February 1, 1935, which was filed after the directed verdicts and judgments had been entered dismissing the utility companies from the suit, specifically charges that the city negligently and carelessly permitted the said sidewalk to be and remain out of repair, worn, broken, cracked and unsafe to travel thereon, all of which facts the defendant knew or in the exercise of ordinary care should have known in sufficient time to have repaired the same before the accident.

If the original declaration states a cause of action, however defectively stated, provided it is sufficient to sustain a judgment, an amendment is permissible amplifying the statement of the same cause of action, and will relate back to the filing of the original declaration so as not to be subject to the intermediate running of the statute of limitations. *Walters v. City of Ottawa,* 240 Ill. 259, 264.

The allegation in the original complaint which refers to the acts of appellant is in substance that the defective condition of the sidewalk was created by the utility companies with the knowledge and consent of the city and that after notice or lapse of time charging it with notice, it failed to exercise due care in repairing the defective condition. There is direct allegation that the city is a municipal corporation in possession and control of the public streets and sidewalks within the city. Under such averments of fact the law would impose the duty upon the city to main-

tain the sidewalks in safe condition for the public to travel upon and that duty could not be evaded or delegated to the utility companies. It is alleged that the opening was made by the utility companies with the permission and knowledge of the city and was not repaired or replaced in a safe condition by the utility companies and that the city had knowledge, direct or implied, of such defective conditions, then, under such state of facts, the city would be liable for damages arising out of its neglect to make repairs. *City of Springfield v. Scheevers,* 21 Ill. App. 203.

Appellant further contends that the original complaint failed to state a cause of action for the reason that it did not contain an allegation that it was the duty of the city to repair the streets. It is not proper pleading to allege in a complaint that it is the duty of the defendant to do certain things but facts should be pleaded from which the law will raise the duty. *Ayers v. City of Chicago,* 111 Ill. 406; *Chicago & A. R. Co. v. Clausen,* 173 Ill. 100.

We are of the opinion the first count of the original complaint stated a cause of action and that the amended complaint declared upon the same cause of action and was not barred by limitation.

Appellant contends that the notice given by appellee to appellant that she intended to institute suit did not comply with the provision of the statute as to giving the location of the accident. The statutory requirements in reference to location of the accident is that it shall give the place of location where such accident occurred. The notice that was given contained the statement that the accident occurred "at the southwest corner of the intersection of West A Street and Illinois Street, in the said City of Belleville." The notice that was given in *McComb v. City of Chicago,* 263 Ill. 510, located the accident as having occurred "at or near the corner of Thirty-ninth Street and

Campbell Avenue." The court said, "It does not specifically state which corner, and appellant insists the notice is too uncertain and indefinite as to the place of the accident to be a substantial compliance with the statute. It must be admitted that in this respect the notice was crudely and carelessly prepared, but if, considering the whole notice together, it gives sufficient information to the city authorities to enable them, by the exercise of reasonable intelligence and diligence, to locate the place of the injury and ascertain the conditions alleged to have existed which caused it, it is sufficient, according to the weight of authorities, to serve the purpose for which it was required by the statute to be given." The notice given located the place of the accident with sufficient certainty.

Appellant further contends that the court erred in not allowing its motion for a directed verdict and urges in support thereof that the defect in the sidewalk where appellee fell was so slight that as a matter of law there was no duty resting upon the city to repair it and that therefore no negligence was proven. That the place in the sidewalk where appellee stepped and fell was lower than the general level of the sidewalk is not denied and it may also be considered as duly proven that the walk had been in this condition a sufficient length of time to charge appellant with notice of it.

There is little conflict in the evidence as to shape, area and depth of the depression in the walk, where appellee says she stepped causing her to fall, but for the consideration of this assignment of error, we are required to take the evidence most favorable to appellee and adopt it as true and grant all reasonable inferences that may arise therefrom. Appellee's witness, J. E. Weinel, civil engineer, who measured the defective walk as to area and depth of depression and

made a drawing of the same which is in evidence is most favorable to appellee. He described the depression as being 16 by 19 inches the long way extending north and south, that the west side was flush with the telephone pole that was setting in the sidewalk back of the curb, that the north end of it extended to the curb, that the sidewalk all around this area is granitoid and practically level. The depressed part was lower than the general level of the walk surrounding it.

The described area next to the pole, which would be on the west side, was three and one-fourth inches lower than the general level outside the area, that at the curb or north end it was two and one-half inches below the level and at the southeast corner it was approximately flush with the adjoining walk. These measurements would describe a depression that would be approximately zero at the southeast corner dropping to three and one-fourth inches at the west side and to two and one-half inches at the north end. It appears that this described area was detached from the remainder of the walk leaving a crevice of one-fourth inch in width. It is evident that some years before (at least 10) an opening had been made in the walk, next to the pole, and then refilled. This refill did not adhere to the edges of the walk and settled causing the depression described. It had been in this condition for several years.

Appellee testified that about 8 p. m., November 19, she was going north on the west side of Illinois street intending to cross A street and as she approached A street, she was watching the traffic at the intersection when she placed her left foot into this depression about seven or eight inches from the curb on the north end and near the east edge of the area; that she did not slip; that the slanting condition and depth caused her to fall forward onto the pavement on A street,

injuring her left knee for which she claims damages. There is no evidence that the walk was wet or slippery. The evidence of appellant is that this corner was well lighted while appellee's evidence is to the contrary. Appellee's failure to see the defect was not because it was not sufficiently lighted but because she testified that she was watching the traffic and did not look at the sidewalk.

It is the settled law of this State that a city is not an insurer against accidents; that it is not required to foresee and provide against every possible danger or accident that may occur but is only required to keep its streets and sidewalks in a reasonably safe condition for the accommodation of the public who use them. *Village of Mansfield v. Moore*, 124 Ill. 133; *City of Gibson v. Murray*, 216 Ill. 589; *City of Chicago v. Bixby*, 84 Ill. 82. The mere happening of the accident raises no presumption that it was caused by negligence. *Huff v. Illinois Cent. R. Co.*, 362 Ill. 95; *Spring Valley Coal Co. v. Buzis*, 213 Ill. 341; *City of Chicago v. Bixby, supra.*

The courts of this State in the application of the foregoing principles have held that depressions of certain depths and areas were so slight and inconsequential that the law did not impose a duty upon the city to repair such a minor defect.

In *City of Chicago v. Bixby, supra,* the action was to recover damages for an injury sustained by reason of faulty construction of a sidewalk. A part of the walk was at grade and a part 10 or 12 inches below the grade level a step was constructed at the intersection. Plaintiff was descending from the upper to the lower walk and fell. It was held there was no liability.

In *Powers v. City of East St. Louis*, 161 Ill. App. 163, a case of alleged negligence growing out of faulty construction, it was held that a difference of three inches in the level of the walk created no liability for

injury sustained; in *City of Chicago v. Norton,* 116 Ill. App. 570, a depression in the sidewalk of a depth of two and one-half to three inches exempted the city from liability.

In some other jurisdictions the same rule prevails; in *Beltz v. Yonkers,* 148 N. Y. 67, 42 N. E. 401, the depression was two and one-half inches deep; in *Terry v. Perry,* 199 N. Y. 79, 92 N. E. 91, the depression was not more than three inches in depth; *Jackson v. Lansing,* 121 Mich. 279, 80 N. W. 8, one and one-half to three inches in depth; *Hopson v. Detroit,* 235 Mich. 248, 209 N. W. 161, and other cases cited in annotation, 20 Ann. Cas. 798.

There are cases in other jurisdictions holding that it was for the jury to say whether the defect was dangerous and that injury to persons passing over it might be reasonably anticipated but an examination of those cases discloses that the location and the amount of travel and surrounding conditions had an important bearing on the question.

The court in *Puck v. City of Chicago,* 281 Ill. App. 6, recognizes the general rule in this State to be as announced in the *Bixby, Norton* and *Powers* cases but pointed out that such a rule might not be applicable for a depression in the sidewalk in a crowded condition of travel.

There is evidence in this case to the effect that this depression was in a business section of the city, within a block of the public square but there is no evidence as to travel except what might be inferred from the fact that it was in a business street near the public square.

We do not regard the depression in the walk in this case to be of such a character as to impose a duty upon appellant to repair and unless there was a duty resting upon appellant to correct the depression and bring it to the same level as the remainder of the

walk there was no negligence arising out of its failure to repair.

As pointed out in many of the cases, such conditions are to be found on the sidewalks of practically every city and village and to impose a duty to repair such slight defects would be to make the city an insurer against accidents. In *Beltz v. Yonkers, supra,* it was said, "The law does not prescribe a measure of duty so impossible of fulfillment or a rule of liability so unjust and severe."

By reason of appellee's failure to prove negligence the court erred in not directing a verdict for appellant.

Appellant contends that appellee was guilty of contributory negligence. If appellee had proven appellant negligent, as charged, then, under the evidence, the contributory negligence would have been a question for the jury.

For the reasons assigned the judgment of the lower court is reversed.

*Judgment reversed.*