Ethel Walter, Appellant, v. City of Rockford, Appellee.

Gen. No. 10,152.

244

Opinion filed September 26, 1947. Released for publication October 20, 1947.

WILBUR E. JOHNSON and STUART B. NORDQUIST, both of Rockford, for appellant.

CHARLES S. THOMAS, Corporation Counsel, of Rockford and DAVID F. MADDEN, City Attorney, of Rockford, for appellee.

MR. JUSTICE DOVE delivered the opinion of the court.

In an action brought by appellant, Ethel Walter, and her husband, Paul Walter, appellant sought to recover damages against the city of Rockford for injuries sustained by her as the result of falling on a sidewalk in that city. During the progress of the trial the action as to the plaintiff, Paul Walter, was dismissed. The issues made by the pleadings were submitted to a jury resulting in a verdict in favor of appellant, Ethel Walter, for $1,000. Upon motion of

the defendant, the trial court rendered judgment notwithstanding the verdict in favor of the defendant and against appellant in bar of the action and for costs. To reverse that judgment the record is brought to this court for review.

The complaint charged that the city, upon one of its main thoroughfares at the southwest corner of the intersection of East State street and South Water street in Rockford, permitted the surface of its cement sidewalk to be and remain in a broken, cracked, irregular, crumbled and raised condition and permitted irregularities in the elevation of the surface of adjoining sections of said sidewalk to be and remain there. In support of this charge the plaintiff, 56 years of age at the time of the trial, testified that on Saturday morning, September 9, 1944, about ten o'clock, she, in company with Mabel C. Teggie, a friend and neighbor, were walking along the south side of East State street, proceeding in a westerly direction on a concrete sidewalk and had crossed South Water street, heading west. She continued: "We went fifteen feet past the curb on the corner and I stepped on a rise in the sidewalk and it threw me. It twisted me around and I fell on my left hip. My toe caught on the rise . . . . It was a joint between two sections of sidewalk. On the day of the injury there was a box and some boards near the place I fell. They were about five or six feet away surrounding a fresh piece of cement. I was looking west as we were walking west. We walked along naturally and were talking. The pavement was dry . . . . I glanced at the sidewalk from time to time." Upon cross-examination she stated: "I could not tell which foot was stubbed—the left toe—my left foot. My left hip was injured. My left foot was stubbed because it hurt me there. I wear glasses. I wore glasses at the time of the accident and on that

day. My vision is normal when I wear glasses. My vision with glasses is about as good as the average person of my age.''

Mabel C. Teggie testified that she was with plaintiff upon the occasion in question and as they proceeded west after crossing the South Water street intersection and as they were looking straight ahead the plaintiff fell on an offset or raised place on the sidewalk which was about one inch high; that she, the plaintiff, ''seemed to catch her toe'' and fell.

Nello Lazzerini testified that he was employed at a tavern on East State street in June 1944, and saw the crack—just a little crack—in the sidewalk where the plaintiff fell, which he estimated to be three-quarters of an inch and that from June 1944, until the time of the accident, there was no change in the condition of the sidewalk.

The foregoing is all the evidence in the record as to the condition of the sidewalk or how the accident happened. Counsel for appellant state that the sidewalk was in an uneven condition; that one slab of concrete had risen one inch higher than the true level of the walk and that the defect was caused by the rise of the slab of pavement higher than the rest of the sidewalk. Counsel for appellee state that the witnesses described the defect as an offset on the sidewalk or a raised place in the pavement about one inch high. We think a fair inference from all the evidence is that the walk was of concrete marked off into slabs or sections, that there was a crack between these sections of three-quarters of an inch and that a portion of one of the slabs was about one inch higher than a portion of the adjoining section and that plaintiff, in passing along this sidewalk on a clear, bright, September morning did not raise her left foot sufficiently high to clear this one inch raise and as a consequence she stubbed the toe of her shoe, lost her balance and fell.

Counsel for appellant contends that there is no dispute as to the facts, that the evidence disclosed a clear case of liability, that the question of due care upon the part of the plaintiff and of negligence on the part of the city are questions of fact and were properly submitted to the jury to pass upon.

Counsel for appellee state that the position of the city is that the evidence shows that the defect in the sidewalk was so slight that no careful or prudent person would reasonably anticipate any danger from its existence and therefore the city is not liable.

The trial court concluded as a matter of law that the plaintiff was not in the exercise of due care for her own safety and that the city was not guilty of the negligence charged. Upon this record the inquiry is restricted in this court as it was in the trial court, to a question of law, as to whether when all the evidence is considered, together with all reasonable inferences drawn therefrom, in its aspect most favorable to the plaintiff, there is any evidence tending to prove any cause of action stated in the complaint. If there is, the motion for judgment notwithstanding the verdict should have been denied as the weight and credit to be attached to it in connection with the other facts and circumstances shown are questions of fact for the jury. (*Langston v. Chicago & N. W. Ry. Co.*, 330 Ill. App. 260.)

In *Orban v. City of Chicago*, 313 Ill. App. 144, a judgment for the plaintiff was sustained where it appeared that there was a difference in level of adjoining slabs of concrete and the plaintiff stumbled and fell resulting in a broken arm. In *Kuhn v. City of Chicago*, 319 Ill. App. 525, it appeared that the sole defect in the sidewalk was that the entire length of two adjoining slabs of concrete were not on a level with each other or the rest of the sidewalk, one of the slabs being at least two and possibly three inches higher than the other, the evidence showing that this

defect came about through the sinking of one of the slabs after construction. The court cited the *Orban* case and said it could not be distinguished on the facts. In the course of its opinion affirming a judgment for the plaintiff for $1,500 the court said:

"The sole contention of the defendant city is (and we are asked to hold as a matter of law) that the city's failure to repair a difference in level (irrespective of its depth) between two adjoining slabs of a sidewalk does not constitute negligence. There are a number of cases, beginning with *City of Chicago v. Bixby,* 84 Ill. 82, followed by this court in *City of Chicago v. Norton,* 116 Ill. App. 570, which would seem to sustain defendant's contention. Much reliance is also placed in a number of New York Decisions, *Gumba v. Klovrza,* 246 App. Div. 738, 283 N. Y. S. 866, and *Griffin v. Town of Harrison,* 268 N. Y. 238, 197 N. E. 265, which announce a quite similar doctrine. These cases are reviewed in *Bleiman v. City of Chicago,* 314 Ill. App. 471, where the Second Division of this court held there being a defect in a driveway consisting of a half inch projection of metal plates over a curb, the question of defendant's liability was of law and that a verdict for the defendant should have been directed. It is quite impossible to harmonize the authorities in this state on this subject, as will appear from the opinion in *Puck v. City of Chicago,* 281 Ill. App. 6."

As stated in the *Kuhn* case it is impossible to harmonize the authorities on this subject. In *City of Chicago v. Bixby,* 84 Ill. 82, it appeared that one section of the sidewalk was twelve inches lower than the adjoining section. At the intersection of these sections a step was placed. Plaintiff in passing from the higher section to the lower fell and was injured. In the course of its opinion reversing a judgment for the plaintiff the court said: (p. 85)

"The city was bound only to the exercise of reasonable prudence and diligence in making this step. It is not required to foresee and provide against every possible danger or accident that may occur. It is not an insurer against accidents, but is only required to keep its streets and sidewalks in a reasonably safe condition for the accommodation of travelers and pedestrians and we are of opinion that the city has not failed in its duty in this instance. We think the evidence shows that the sidewalk was reasonably safe, and if so, the city should not be held liable."

This case has been cited many times and the principles therein enunciated applied to many situations. In *City of Chicago v. Norton,* 116 Ill. App. 570, it appeared that the plaintiff fell upon a sidewalk on Randolph street in the City of Chicago. One of two adjoining flag stones in the sidewalk was 2½ to 3 inches lower than the other causing plaintiff to fall. After citing the *Bixby* case and *Beltz v. City of Yonkers,* 148 N. Y. 67, 42 N. E. 401 (from which case an extensive quotation appears in *Bleiman v. City of Chicago,* 314 Ill. App. 471 at pages 474, 475) the court in the *Norton* case said:

"If the existence of a difference in level of three inches between two adjoining pieces of flagging or pieces of plank in a sidewalk may be held to render such sidewalk not reasonably safe and be deemed evidence from which the fact of negligence in respect thereto may be inferred and found, then there is scarcely any *sidewalk in any city that is reasonably safe.* It is a matter of common knowledge that such differences in level may be found in almost every sidewalk in Chicago and a person walking along a sidewalk will step from a plank or stone three inches above the plank or stone upon which he steps without observing the difference in level. From such a differ-

ence in level, danger is not in common experience to be anticipated and a city can only be found guilty of negligence when the defect in a sidewalk was such that a reasonably prudent man should anticipate some danger to persons walking thereon. In our opinion the sidewalk in question was reasonably safe and the defendant, City of Chicago, was not guilty of negligence in respect thereto. The judgment of the circuit court will be reversed with a finding of fact.''

In *Puck v. City of Chicago*, 281 Ill. App. 6, a judgment for $1,000 rendered upon a verdict of a jury in favor of the plaintiff against the City of Chicago was reversed because the evidence as to the condition of the sidewalk was so uncertain. It appeared there that the plaintiff was walking along the west side of State street, a short distance south of-Monroe street. He was walking along a concrete sidewalk and stumbled and fell, the evidence showing there was a step in the sidewalk about two inches in height which extended from the curb on the east to about the middle of the walk. In the course of its opinion the court said:

''While there are cases in this State holding that a difference in the level of two sections of a sidewalk of from 2½ to 3 inches or higher would not render the city liable for one tripping and falling at such place, yet the question is not free from difficulty; especially when we consider the crowded conditions of the sidewalks in the Loop of Chicago. Cases which tend to hold that there was no liability because of a difference in the level of parts of a sidewalk are *City of Chicago v. Bixby*, 84 Ill. 83; *City of Chicago v. Norton*, 116 Ill. App. 570; *Powers v. City of East St. Louis*, 161 Ill. App. 163; *Owens v. City of Chicago*, 162 Ill. App. 196.''

There is no necessity of further reviewing the cases. A reviewing court always hesitates to conclude that a jury acted unreasonably and that

there is no evidence in the record supporting its verdict. The law is, however, that a city can be found guilty of negligence only when the defect in a sidewalk is such that a reasonably prudent man should anticipate some danger to persons walking upon it. We agree with the trial court. This defect was so slight that no reasonable mind, it seems to us, could foresee that an injury would result to a pedestrian upon this sidewalk while exercising reasonable care for her own safety.

The judgment of the circuit court will therefore be affirmed.

*Judgment affirmed.*